IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION        2009 JUL -9 PM 3: 36

UNITED STATES OF AMERICA,

v.                              CASE NO.: CR209-14

CHARLENE RIVERA

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Charlene Rivera ("Rivera") is charged with bank fraud in violation of 18 U.S.C. § 1344(2). Rivera filed a Motion to Dismiss for Prejudicial Pre-Indictment Delay. The undersigned conducted an evidentiary hearing on July 7, 2009, at which Rivera testified. Based on the following, Rivera's Motion should be **DENIED**.

## FINDINGS OF FACT

The credible testimony at the evidentiary hearing established the following:

Rivera testified that she began working for a person identified in the indictment and herein as "S.W." in March of 2005. Rivera averred that her employment included writing checks, paying bills, depositing money into S.W.'s wife's account, and sometimes reevaluating the way things were categorized. Rivera testified that Elizabeth Rander ("Rander") also worked for S.W. in a similar capacity when she began her employment. Rivera further testified that she and Rander took a typed letter signed by S.W. to The Coastal Bank explaining how they would conduct business. Rivera also testified that Hope Boyle ("Boyle") was the bank employee in charge of the account at

that time. Rivera averred that prior to Rander leaving the country, she took a second letter to Boyle indicating that Rander would no longer be using the account to conduct business. (Id. at 10:7:10). Rivera further averred that she took a third letter to the bank after Boyle was transferred.

Rivera testified that Rander was in Italy the last she heard. Rivera further testified that she believed Boyle was in Japan and that she has no idea how to get in touch with her. Rivera averred that only one of the letters that she allegedly took to the bank has been produced. Rivera further averred that neither of the letters addressed to Boyle has been produced. Rivera testified that she believes the missing letters and her inability to locate Rander and Boyle have interfered with her ability to defend the case.

Defendant was arrested by the State of Georgia on May 4, 2007, on substantially the same charges, and she employed her present attorney to represent her at that time. Defendant also testified that she believes that both Rander and Boyle left the country in 2006.

## ISSUE PRESENTED

Rivera asserts that her indictment should be dismissed based on the prejudicial delay between the time of the alleged events and the time of the return of the indictment.

## DISCUSSION AND CITATION TO AUTHORITY

In Rivera's Motion, she contends that the offenses alleged in the indictment occurred between approximately April 15, 2005, and December 12, 2006, while the indictment was not returned until April 9, 2009. Rivera further contends that her Fifth Amendment right to a fair trial has been substantially prejudiced and violated by the pre-

indictment delay. Rivera asserts that the pre-indictment delay gave the prosecution a tactical advantage because she will now have to locate witnesses for events that took place as long as five years ago. Rivera further asserts that the delay may also affect the availability of witnesses and records that may have been available if a timely indictment had been returned. Rivera notes that she has the burden of proving actual prejudice and requests the opportunity to supplement her motion as she reviews the evidence and determines the full effect of the lengthy delay, especially as it relates to corporate records and Rander. (Doc. No. 17, pp. 1-3).

The Government asserts that Rivera must show that the Government deliberately delayed the indictment to gain a tactical advantage and that she suffered actual substantial prejudice from the delay. (Doc. No. 24, p. 2) (citing U.S. v. Horton, 270 Fed. Appx. 783 (C.A. 11th 2008); U.S. v. Foxman, 87 F.3d 1220 (11th Cir. 1996)). The Government contends that Rivera's claim that the delay allowed it to gain a tactical advantage is not the same as it deliberately delaying the indictment to gain a tactical advantage. The Government further contends that Rivera does not demonstrate that it intentionally delayed seeking an indictment to gain some tactical advantage. (Doc. No. 24, p. 2). The Government asserts that any delay in bringing the indictment was not the result of some bad faith attempt to obtain a tactical advantage. The Government contends that Rivera has not demonstrated that the pre-indictment delay caused her any actual substantial prejudice. The Government further contends that Rivera's claim, at best, suggests that she might be prejudiced if some of the witnesses she might wish to call are now unavailable to testify.

An indictment may be dismissed due to the government's delay in obtaining it if the defendant shows: (1) that the government deliberately delayed to gain a tactical advantage and (2) actual substantial prejudice from the delay. Horton, 270 Fed. Appx. at 786 (citing Foxman, 87 F.3d at 1222). The delay must be intentional and for the purpose of gaining a tactical advantage. Horton, 270 Fed. Appx. at 786 (citing Stoner v. Graddick, 751 F.2d 1535, 1543 (11th Cir. 1985)). Whether the government acted with the intent to gain a tactical advantage is a question of fact. Id. The Supreme Court has established that "investigative delay is fundamentally unlike delay undertaken by the Government solely to gain tactical advantage over the accused." Horton, 270 Fed. Appx. at 786 (citing U.S. v. Lovasco, 431 U.S. 783, 795 (1977)). The standard of prejudice is fairly stringent. Stoner, 751 F.2d at 1544. "The Supreme Court made it clear that when preindictment delay is asserted, actual prejudice and not merely 'the real possibility of prejudice inherent in any extended delay'" must be demonstrated before a prosecution will be barred because of the delay. U.S. v. McGough, 510 F. 2d 598, 604 (5th Cir. 1975) (quoting U.S. v. Marion, 404 U.S. 307, 326 (1971)). To prove prejudice due to the loss of a witness, the defendant must make more than a general allegation of that loss; she must also show that the loss impaired her ability to provide a meaningful defense. Stoner, 751 F. 2d at 1544 (citing U.S. v. Solomon, 686 F. 2d 863, 872 (C.A. 11th 1982)).

Rivera's Motion is without merit. Rivera fails to allege, much less show, that the Government deliberately delayed bringing the indictment in order to gain a tactical advantage. See Horton, 270 Fed. Appx. at 786. Rivera's assertion that the delay has given the Government a tactical advantage, even if true, does not satisfy her duty to

show that the Government deliberately delayed the indictment to gain a tactical advantage. Rivera further fails to show that she suffered actual substantial prejudice as a result of the pre-indictment delay. See Id. Rivera's contentions that she suffered prejudice appear to arise from the fact that the indictment was brought almost five years after some of the events in question. However, prejudice will not be presumed because of a lengthy delay in bringing an indictment. Stoner, 751 F.2d at 1544.[1] Rivera's only substantial allegations of prejudice are that, as a result of the delay, she does not have copies of two letters and that Rander and Boyle will be unavailable to testify. According to Rivera, both Rander and Boyle have been unavailable since 2006. If Rivera had been indicted by the Federal Government in 2007, rather than by the State of Georgia, neither Rander nor Boyle would have been available to testify then.

Rivera fails to show that she suffered substantial prejudice due to the alleged unavailability of Rander and Boyle to testify because, other than her statement that she thought the loss of their testimony prejudiced her defense, she fails to offer any evidence that the loss of those witnesses impacts her ability to provide a meaningful defense. See Stoner, 751 F. 2d at 1544. Rivera's remaining allegations of prejudice are vague assertions that she may suffer prejudice in the future because the delay may affect the availability of witnesses and records that may have been available to her if a timely indictment had been returned. These assertions do not satisfy Rivera's duty because she must show actual prejudice, not the mere possibility of prejudice. See McGough, 510 F. 2d at 604. While Rivera attempts to preserve the actual prejudice

---

[1] In Stoner, the 11th Circuit Court of Appeals found that a nineteen year delay between the crime and the defendant's indictment did not violate his due process rights because he did not carry the burden of proving intentional delay for tactical advantage or that he was substantially prejudiced. 751 F. 2d at 1543-44. The Court of Appeals noted that actual prejudice was more likely with such a significant delay, but the ultimate inquiry of whether substantial prejudice had occurred was still the same. Id. at 1544.

issue by requesting the opportunity to supplement her motion as she reviews discovery material, this is unnecessary due to her failure to show that the Government intentionally delayed bringing the indictment in order to gain a tactical advantage.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Rivera's Motion to Dismiss (Doc. No. 17) be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 9th day of July, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE